# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CLETES M. CRAWFORD,**
               **Petitioner,**

    v.                                                                   **Case No. 07-C-1155**

**STATE OF WISCONSIN,**
               **Respondent.**

## ORDER

On December 27, 2007, Cletes M. Crawford filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first-degree reckless injury, first-degree recklessly endangering safety and endangering safety by reckless use of a firearm. He was sentenced to sixteen years of imprisonment followed by ten years of supervision.

On January 9, 2008, petitioner paid the $5 filing fee applicable to habeas petitions, and now I must give his case prompt initial consideration as required by Rule 4 of the Rules Governing § 2254 Cases.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During the initial review of habeas petitions, the court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner raises six grounds for relief: (1) the prosecutor used perjured testimony against petitioner in violation of his right to Due Process; (2) petitioner was arrested in the absence of a valid warrant in violation of the Fourth Amendment; (3) petitioner was prohibited from appropriately cross examining a witness in violation of the Confrontation Clause; (4) petitioner's trial counsel lied to him about his defense and left him with no plausible defense in violation of his right to effective assistance of counsel; (5) petitioner's trial counsel failed to request an instruction regarding a lesser included offence in violation of his right to effective assistance of counsel; (6) petitioner's appellate counsel filed to certify a no-merit report in violation of his right to effective assistance of appellate counsel. Each of petitioner's claims appear to be cognizable in a habeas petition.

However, petitioner has failed to exhaust state remedies. In his petition, petitioner noted that he had filed a state court motion for post-conviction relief, and that such motion was pending. Along with his petition, petitioner filed a motion to stay the present case while he exhausted state remedies. On January 9, 2008, petitioner filed a request to disregard his motion to stay. He attached a Milwaukee County Circuit Court decision dated December 14, 2007 denying petitioner's post-conviction motion. Presumably, petitioner has asked me to disregard his motion to stay because he believes that he has now exhausted state remedies. However, petitioner has not appealed the December 14 decision. The exhaustion doctrine requires state prisoners to give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This means that petitioner must appeal the Circuit Court's decision denying his post-conviction motion to the Wisconsin Court of Appeals and petition the Wisconsin
2

Supreme Court for discretionary review. Petitioner has not yet appealed the Circuit Court decision and it appears that he may yet do so. Thus, he has not yet exhausted his state remedies.

Ordinarily, a district court should dismiss without prejudice a petition for a writ of habeas corpus if the petitioner has not exhausted any one of his federal claims. Rose v. Lundy, 455 U.S. 509 (1982); Cruz v. Warden of Dwight Correctional Ctr., 907 F.2d 665, 667 (7th Cir. 1990). A dismissal "without prejudice" allows the petitioner to refile his petition at a later date, after he exhausts state remedies. However, a district court has discretion to stay a mixed petition rather than dismiss it where the petitioner could be time-barred from returning to federal court, and ordinarily must do so if he would be time-barred and he "has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

In the present case, dismissal without prejudice is the appropriate course of action. The petition exclusively contains unexhausted claims. Further, petitioner should not run into a statute of limitations problem upon re-filing so long as he does not needlessly delay the re-filing after exhausting his state case because he still has several months remaining on the "habeas clock."[1] Finally, petitioner named an improper respondent and thus re-filing

---

[1] The one-year statute of limitations period applicable to a petitioner like the present one begins to run on the date upon which the petitioner's time for filing a petition for certiorari in the Supreme Court of the United States as part of his direct appeal expires. 28 U.S.C. § 2244(d); Clay v. United States, 537 U.S. 522, 524-25 (2003). The period is tolled throughout the pendency of a properly filed state post-conviction motion. Id. According to court records, the Wisconsin Supreme Court denied petitioner's petition for discretionary review on January 17, 2007; thus the statute of limitations period began to run on April 17, 2007, after the period for filing a petition for certiorari in the United States

3

is appropriate anyway. The proper respondent in a § 2254 action is the state officer who has custody of the petitioner – the prison warden. Rule 2 of the Rules Governing § 2254 Cases. As such, I will dismiss the present petition without prejudice. After petitioner seeks relief through one full round in the in the state courts, he may re-file his habeas petition in federal court.

**For the reasons stated,**

**IT IS ORDERED** that the petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the pending motions are **DENIED**.

Dated at Milwaukee, Wisconsin this 11 day of January, 2008.

/s_____
LYNN ADELMAN
District Judge

---

Supreme Court expired. After a few failed attempts to file motions for post-conviction relief in state court, petitioner properly filed a motion for post-conviction relief on December 7, 2007. Thus, the statute of limitations period is tolled from that date and will remain tolled throughout the period that petitioner properly appeals the decision denying such motion.

4